UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY WILDER,** | ) | **CASE NO. 1:21CV715** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **LOWE'S HOME CENTERS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #19) of Defendant Lowe's Home Centers, LLC for Summary Judgment. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

On April 8, 2020, Plaintiff Kimberly Wilder went to the Lowe's retail location in Bedford, Ohio to purchase an electric stove and a refrigerator with a water dispenser and ice maker. Plaintiff was assisted by a sales person; but she does not remember his name nor does she remember the specifics of the conversation. Basically, she only recalls discussing the

price and when delivery could be made.

Plaintiff used a debit card and got a receipt in return; but neither she nor Defendant has a copy. Plaintiff does not recall being given any other written materials. Plaintiff remembers being told that she would need a particular electrical plug for the stove; but she cannot remember the salesman offering to sell her anything else.

According to Plaintiff, the appliances were delivered to her home on May 5, 2020. Plaintiff believes two people delivered the appliances, but she does not remember their names. She has no recollection of any specific conversation with the delivery team. The appliances were placed where her old ones had been removed. Plaintiff recalls seeing one delivery person on the floor behind the refrigerator and she assumed that he was hooking up the water line.

On May 12, 2020, Plaintiff wanted ice. So, Plaintiff went down to the basement and turned on the water. She waited 20-30 minutes; and when she went into the kitchen, the floor was wet and water was coming from under the refrigerator.

Apparently, the water line was never connected to the refrigerator and the flooding caused damage to the kitchen floor, lower cabinets and dining room carpeting.

Plaintiff filed suit in state court for the damages resulting from the improper installation of the refrigerator. The matter was removed to federal court on April 1, 2021. Plaintiff claims violations of the Ohio Home Solicitation Sales Act and the Ohio Consumer Sales Practices Act ("CSPA"), as well as Unjust Enrichment; Breach of Contract and Negligence.

Defendant Lowe's moves for summary judgment on all counts.

Defendant's sales person, Mark Triggs, testifies by affidavit that he verbally explained to Plaintiff on April 8, 2020, that Lowe's would only connect the refrigerator if she purchased a new connection kit **and** if the water supply valve was located on the same floor as the kitchen. Triggs says that he gave Plaintiff an information card that spells out the store's connection policy. An exemplar of the instruction card is submitted with the Motion; but not the actual card Plaintiff allegedly received.

Lowe's also has its delivery policy publicly available online, which instructs that Lowe's will not connect new appliances such as refrigerators to old water lines. A connection kit must be purchased from Lowe's. However, in no event will Lowe's install the refrigerator if the water shut-off valve is not on the same floor of the residence.

Defendant's appliance delivery policy is also confirmed in the affidavit of the Bedford store manager, Adam Magill. (ECF DKT #19-2).

According to Triggs's affidavit, he verbally explained the policy about installation to Plaintiff and gave her the written instruction card; but Plaintiff declined to purchase the connection kit. In opposition, Plaintiff deposes and says that she does not remember any conversation with Triggs or with the delivery team and that she never received written materials aside from the receipt. The parties agree that there is no formal written contract. The sale was finalized at the register but the printed receipt has not been produced by either party.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 56 Standard of Review

Summary judgment shall be granted only if "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary

judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Home Solicitation Sales Act - R.C. §§ 1345.21, *et seq*.**

As Defendant rightly points out, the transaction at issue here is not a "home solicitation sale." "Home solicitation sale" means a sale of consumer goods or services in which the seller or a person acting for the seller engages in personal solicitation of the sale at a residence of the buyer." R.C. § 1345.21(A). Plaintiff acknowledges at her deposition that she went to the Lowe's store in Bedford, Ohio on April 8, 2020, in order to purchase an electric range and a refrigerator with a water dispenser and ice-maker. (ECF DKT #18-1 at 3).

Moreover, the Court notes that Plaintiff's Opposition Brief is silent regarding her Home Solicitation Sales Act Claim. As the Sixth Circuit instructs, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.." *See Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008) (citation and internal quotation marks omitted).

**Unjust Enrichment**

To succeed on a claim for unjust enrichment, Plaintiff must show that: (1) she conferred a benefit on Defendant; (2) Defendant knew of the benefit; and (3) Defendant retained the benefit under circumstances where it would be unfair to do so. *Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc.*, 314 F.Supp.2d 763, 771-772 (N.D. Ohio

2004), *citing Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984). In this instance, Plaintiff paid for and received the new stove and refrigerator; so, Defendant did not retain any unjust benefit.

Once again, Plaintiff's Opposition offers no argument in support of the Unjust Enrichment Claim. The Court finds that Plaintiff waived this cause of action. *See Barany-Snyder*, 539 F.3d at 331.

**Consumer Sales Practices Act (CSPA) - R.C. §§ 1345.01, *et seq*.**

The CSPA provides that suppliers like Defendant cannot commit unfair or deceptive acts against consumers as described in R.C. § 1345.02, nor unconscionable acts as described in R.C. § 1345.03.

Plaintiff sets out the alleged CSPA violations committed by Defendant in the Complaint (ECF DKT #1-1 at ¶ 42):

Plaintiff claims that Defendant failed to refund her money without legal cause. There is no evidence that Plaintiff asked for a refund.

Plaintiff claims the transaction took longer than eight weeks to complete without lawful excuse. However, Plaintiff purchased the appliances on April 8, 2020 and they were delivered less than one month later, on May 5, 2020.

Plaintiff alleges Defendant made representations about the product's benefits which it does not have. Yet, at her deposition, Plaintiff testifies that she does not remember the specifics of any conversation with the salesman at the store or with the delivery team. (ECF DKT #18-1 at 4, 5).

Although Plaintiff's Complaint states that Defendant made a knowing misleading

statement of opinion upon which she relied, that contention is belied by her sworn deposition testimony that she recollects no conversations at all. (*Id.*).

Finally, Plaintiff alleges that Defendant refused without justification to make a refund for the purchase made by check. In this instance, Plaintiff states that she paid with a debit card. (ECF DKT #18-1 at 3).

Now, in her Opposition to Defendant's Motion for Summary Judgment, Plaintiff asserts that Defendant omitted material information about installation requirements for the refrigerator. This claim was not part of Plaintiff's original Complaint and cannot be raised for the first time at the dispositive motion stage.

To make out a prima facie claim under the CSPA, a plaintiff must "show a material misrepresentation, deceptive act or omission" that impacted the decision to purchase the item at issue. *Mathias v. Am. Online, Inc.*, No. 79427, 2002 WL 377159, at *5 (Ohio Ct.App. Feb. 28, 2002) (*citing Janos v. Murduck*, 109 Ohio App.3d 583, 672 N.E.2d 1021 (1996)); *see also Richards v. Beechmont Volvo*, 127 Ohio App.3d 188, 191, 711 N.E.2d 1088, 1090 (1998) ("In order to be deceptive, and therefore actionable, a seller's act must not only be at variance with the truth but must also concern a matter that is or is likely to be material to a consumer's decision to purchase the product or service involved.").

Plaintiff testifies that she spent no more than fifteen minutes at the Bedford Lowe's store and only discussed with Lowe's staff the price of the appliances and the delivery date. (ECF DKT #18-1 at 3). There is no showing that the particulars of installation weighed into Plaintiff's decision to purchase the refrigerator and stove.

Plaintiff recites in her Opposition Brief (ECF DKT #20 at 6) that she "had a

reasonable understanding that the refrigerator was ready for general use following delivery." This assertion is not sufficient to establish a prima facie claim under the CSPA.

**Negligence**

To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured. *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 21, *citing Menifee v. Ohio Welding Prods., Inc.,* 15 Ohio St.3d 75 (1984).

Plaintiff contends that Defendant had a duty to install the refrigerator in a commercially reasonable manner.  Defendant counters that it never assumed the duty to install the appliance.  In fact, Defendant verbally informed Plaintiff and provided her with written materials at the time of the sale that emphasized that free delivery includes installation only if Plaintiff purchased the new connection kit **and** only if the water shut-off valve is located on the same floor as the kitchen.  (Affidavit of Mark Triggs, ECF DKT #19-3; Affidavit of Store Manager Adam Magill, ECF DKT #19-2).

Plaintiff provides no evidence that she bought the necessary connection kit for the refrigerator.  The evidence from both parties demonstrates that Plaintiff's kitchen is on one floor and the shut-off valve is on another.

Defendant did not assume the duty of installation.  Furthermore, it would be inequitable to impose a duty to install generally upon all retailers in the absence of an established industry practice.  Plaintiff has no proof that such an industry practice exists.

Plaintiff cannot succeed on her Negligence Claim since she cannot demonstrate a duty

owed by Defendant.

**<u>Breach of Contract</u>**

In the Complaint (ECF DKT #1-1), Plaintiff alleges that she fully performed under the contract by making all necessary payments for installation of the refrigerator. Defendant failed to perform its contractual obligations by not properly installing the refrigerator. Plaintiff incurred actual damages as the result of Defendant's breach. (*See id.* at ¶¶ 26-27).

Under Ohio law, "[a] breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." *Spectrum Benefit Options, Inc. v. Med. Mut.* of *Ohio*, 174 Ohio App.3d 29, 880 N.E.2d 926, 934 (2007).

Defendant admits that the parties entered into a binding contract for sale of a refrigerator and an electric range. There is no dispute that Plaintiff paid for and received the new appliances. It is undisputed that the appliances were delivered to Plaintiff's residence.

Nonetheless, Plaintiff does not remember any specific conversations with Defendant's employees about installation. (ECF DKT #18-1 at 3). Plaintiff does not recall receiving any written materials except for the receipt, which she unfortunately cannot locate. (ECF DKT #18-1 at 3, 4).

Plaintiff submits copies of the delivery documents for her appliances. (ECF DKT #20-1). When asked at deposition whether it is her signature on those documents, Plaintiff answered "yes." (ECF DKT #18-1 at 4). When asked if the refrigerator and range were delivered and were in new condition, Plaintiff again responded "yes." (*Id.*).

At the bottom of each page of the delivery documents, above Plaintiff's signature, there is a statement in bold print which reads in part: "Your signature acknowledges the completion of all initialed and checked applicable tasks above, as well as signifies receipt of all Delivered merchandise/items listed above."

None of the listed applicable tasks are checked or initialed. Two of the items are particularly relevant here:

- CONNECTED, TIGHTENED, AND CHECKED ALL WATER LINE CONNECTIONS FOR LEAKS

- TESTED UNIT/S OPERATION AND GAVE CUSTOMER OWNER'S MANUAL

The Court finds that Plaintiff's signature acknowledges that these tasks were **not** done. Per her signature and acknowledgment on the only written documents provided for this transaction, the Court finds there is no evidence of a contract to install Plaintiff's refrigerator by connecting her residential water line to the appliance. Plaintiff's assumption that the delivery team connected the appliance, though reasonable, does not overcome the import of Plaintiff's signature on the delivery documents.

### III. CONCLUSION

Viewing the facts and all inferences in the light most favorable to the nonmoving party, the Court determines that there is no genuine issue of material fact and summary judgment is warranted on all the claims in the Complaint.

Therefore, the Motion (ECF DKT #19) of Defendant Lowe's Home Centers, LLC for Summary Judgment is granted as to Plaintiff Kimberly Wilder's claims for Home Solicitation Sales Act violations, Consumer Sales Practices Act violations, Unjust Enrichment,

Negligence and Breach of Contract.

       **IT IS SO ORDERED.**

       **DATE: March 10, 2022**

                                           s/Christopher A. Boyko
                                           **CHRISTOPHER A. BOYKO**
                                           **Senior United States District Judge**